Fidelity Insurance Trust and Safe Deposit Co., Guardian of Dennis McCauley Pearson, a Minor, Appellant, *v.* Commonwealth Title Insurance Co.

*Foreign attachment—Contract—Pending suit—Stakeholder.*

Where real estate in the possession of a guardian is attached in foreign attachment proceedings as the property of a person other than the minor, and, while the attachment is pending, the guardian sells and conveys the property under an agreement with the purchaser and the attaching creditor that the purchase money shall be deposited with a stakeholder to hold until the attaching creditor shall recover a judgment and establish that the premises are subject to his judgment, and if he shall " fail to establish " it, to pay the fund to the guardian, the guardian cannot sue the stakeholder in assumpsit until the attachment proceedings are terminated; and this is the case although the attaching creditor allows thirteen years to elapse without taking any further action in the attachment proceedings.

In such a case where the agreement provides that the guardian may intervene in the attachment proceedings, he must either do so, or compel the attaching creditor by bill in equity to proceed to judgment, before he can institute suit against the stakeholder.

Argued Jan. 10, 1895. Appeal No. 458, Jan. T., 1894, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1891, No. 59, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover money from a stakeholder.

At the trial it appeared that on April 4, 1884, James Watt brought an action of foreign attachment against Dennis McCauley, to the court of common pleas, No. 2, June Term, 1884, No. 24, and attached real estate in the county of Philadelphia.

James Watt subsequently died, and letters testamentary upon his estate were granted to the Pennsylvania Company for Insurances on Lives and Granting Annuities, who were substituted as plaintiffs of record on the foreign attachment.

Prior to the issuance of the writ of foreign attachment, Dennis McCauley, the defendant, had granted and conveyed in fee certain of the attached premises to Mary Ann Pearson by deed dated February 4, 1884.

Mary Ann Pearson died December 26, 1885, leaving her husband, Robert W. Pearson, and one son, Dennis McCauley Pearson, a minor, surviving her.

The Fidelity Insurance, Trust and Safe Deposit Company was appointed guardian of the estate of Dennis McCauley Pearson; and Robert W. Pearson conveyed to them his interest in the premises, upon certain trusts, by deed dated August 25, 1888, duly recorded.

The Fidelity Insurance, Trust and Safe Deposit Company, in 1888, sold the premises for $2,000, and, in order to obtain a release of the attachment so as to give a clear title to the premises, entered into an agreement with The Pennsylvania Company for Insurances on Lives and Granting Annuities and the purchasers, by which the amount of the purchase money, less taxes, was paid into the hands of the Commonwealth Title Insurance and Trust Company as stakeholder.

This agreement, which is in writing, was executed on December 10, 1888. After reciting the facts, it proceeds:—

"And whereas, the said The Pennsylvania Company for Insurances on Lives and Granting Annuities, executors as aforesaid, have been requested to release the said lot or piece of ground from the lien and operation of the said foreign attachment, and they are willing so to do, provided the Fidelity Insurance, Trust and Safe Deposit Company, guardian and trustee, as aforesaid, deposit with the Commonwealth Title Insurance and Trust Company the said purchase money of $2,000, until the question of the liability of the lot or piece of ground hereinabove described to be taken in execution in satisfaction of any judgment which may be obtained against the said Dennis McCauley in the aforesaid action of foreign attachment shall have been determined;

"And whereas, the said sum of $2,000 purchase money as aforesaid has been deposited with the said The Commonwealth Title Insurance and Trust Company;

"Now this agreement witnesseth, that if the said The Pennsylvania Company for Insurances on Lives and Granting Annuities, executors as aforesaid, should hereafter recover a judgment in the aforesaid action of foreign attachment against the said Dennis McCauley, and if the said The Pennsylvania Company for Insurances on Lives and Granting Annuities, executors as

aforesaid, shall establish that, notwithstanding the above recited conveyance from the said Dennis McCauley to the said Mary Ann Pearson, the lot or piece of ground hereinabove described is liable to be taken in execution in satisfaction of any judgment which may be obtained in the aforesaid action of foreign attachment against the said Dennis McCauley, then and in such case the judgment so obtained by The Pennsylvania Company for Insurances on Lives and Granting Annuities, executors as aforesaid, shall be payable out of the $2,000 consideration money aforesaid deposited with the Commonwealth Title Insurance and Trust Company. And it is also understood between the parties hereto that the Fidelity Insurance, Trust and Safe Deposit Company, guardian and trustee as aforesaid, may apply to the court wherein said action of foreign attachment is pending to quash the aforesaid writ of foreign attachment, on the ground that the lot hereinabove described and attached in said writ was not the property of the said Dennis McCauley at the time of the issuing of the aforesaid writ, and that the said writ was unlawfully and improvidently issued.

"And in case the Fidelity Insurance, Trust and Safe Deposit Company, trustee and guardian as aforesaid, shall succeed in quashing the aforesaid writ, or in case after judgment obtained by The Pennsylvania Company for Insurances on Lives and Granting Annuities, executors as aforesaid, against the said Dennis McCauley, the said The Pennsylvania Company for Insurances on Lives and Granting Annuities, executors as aforesaid, shall fail to establish that notwithstanding the aforesaid deed from Dennis McCauley to Mary Ann Pearson, the lot or piece of ground hereinabove described is liable to be taken in execution in satisfaction of said judgment, then and in either of said cases the said $2,000 consideration money aforesaid, deposited with the Commonwealth Title Insurance and Trust Company, shall be paid back to the Fidelity Insurance, Trust and Safe Deposit Company, trustee and guardian aforesaid, freed and discharged from any liability to be appropriated and applied in satisfaction of any such judgment, the said writ of foreign attachment notwithstanding."

Thereupon the premises were released from the lien of the attachment.

The Commonwealth Title Insurance and Trust Company on

December 22, 1888, gave a certificate of deposit for the net amount paid to it under this agreement, providing that the same was—

" To be held under the provisions of the agreement of trust No. 158, between the Pennsylvania Company and said Fidelity Company, dated December 10th, 1888, interest at the rate of two per cent. to be allowed upon said fund, and the company's charge of twenty-five dollars for insurance against the attachment mentioned in said agreement to be deducted."

On November 17, 1891, the Fidelity Company brought the present action in court of common pleas, No. 3, against the Commonwealth Title Insurance and Trust Company in which the Pennsylvania Company was not joined, to procure the payment to plaintiff of the amount of the deposit, setting forth that under the agreement of December 10, 1888, the Pennsylvania Company, the substituted plaintiffs in the foreign attachment proceeding, were bound within a reasonable time to establish their right to attach the premises, and that having failed to do so, the Commonwealth Title Company was bound to pay the fund deposited with it as stakeholder to the Fidelity Company.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Errors assigned* were (1) entry of nonsuit; (2) refusal to take it off.

*Charles Hart, R. N. Simpers* with him, for appellant, cited: Grove v. Hodges, 55 Pa. 515; act of March 11, 1836, sec. 4, P. L. 77.

*John G. Johnson, James Wilson Bayard* with him, for appellee, cited: Bank v. Rex, 89 Pa. 308; LaFarge v. Morang, 11 Martin (La.) 463; Carle v. Bearce, 33 Me. 337; Trefftz v. Canelli, L. R. 4 Privy Council Appeals, 277.

OPINION BY MR. JUSTICE MITCHELL, March 11, 1895:

This suit was prematurely brought. The defendant is a stakeholder, and only liable to plaintiff on certain conditions which have not been performed. These conditions, so far as

they authorize payment of the stake to the plaintiff, are that plaintiff shall succeed in getting the court wherein the attachment by The Pennsylvania Company for Insurances on Lives etc. against the land is pending, to quash the attachment, or that after judgment obtained by the Pennsylvania Company it shall fail to establish the liability of the land to be attached or taken in execution thereon. Neither of these conditions has been fulfilled. It is argued by appellant that the Pennsylvania Company having allowed thirteen years to elapse without doing anything must be deemed to have failed to establish the liability of the land to the attachment. But this argument overlooks the right of the Pennsylvania Company to a hearing. The attachment suit is still pending and may yet result in favor of the Pennsylvania Company, and notwithstanding the lapse of so long a time the latter cannot be adjudged to have failed, until that suit has been heard and determined.

The appellant however is substantially correct in its interpretation of the agreement on which the rights of the parties rest. As a stranger to the attachment suit the plaintiff had no standing to intermeddle with it, or to require the Pennsylvania Company to do anything with regard to it. But by the agreement of December, 1888, the Pennsylvania Company recognized plaintiff's interest in the land and in the litigation, and having agreed to the substitution of the plaintiff's money for the land, has subjected itself to certain duties to the plaintiff, one of which is to go on, and bring the attachment to an end. It was not in the contemplation of the parties that the Pennsylvania Company should do nothing, and simply keep the plaintiff's money tied up in the deposit, with no benefit to either. The agreement authorizes the plaintiff to intervene in the attachment and move for its dissolution, and on the other hand puts on the Pennsylvania Company the duty of prosecuting its attachment to a successful termination by the establishment of the liability of the land. Appellant's only mistake was in proceeding in the first instance against the stakeholder, and not against the Pennsylvania Company under the agreement. This it might do by bill in equity, or by a rule in the attachment suit to intervene and compel the plaintiff therein to go on or be nonsuited. So far as the case now appears, the equity powers of the court in which the attachment is pending are sufficient

to afford relief, and the plaintiff has standing to invoke them by virtue of its rights under the agreement. After that suit is determined in its favor and the conditions of the agreement thereby fulfilled, the plaintiff will be in position to demand the surrender of the fund by the present defendant.

Judgment affirmed.